IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JOSEPH MENDIOLA, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION V-06-111 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Joseph Mendiola ("Mendiola"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a petition for a writ of habeas corpus challenging his state court conviction under 28 U.S.C. § 2254. Dkt. No. 1. The Respondent has filed a motion for summary judgment asserting that Petitioner's claims fail on their merits. Dkt. No. 22. After reviewing the pleadings, the record, and the applicable law, the Court will GRANT Respondent's motion and DISMISS Mendiola's habeas petition.

**Background**

Mendiola was convicted after a bench trial of manufacturing and possessing a controlled substance, and sentenced to sixty years in prison. Clerk's Record ("CR") at 8. The trial court was affirmed by the Court of Appeals for the Thirteenth District of Texas. *Mendiola v. Texas*, No. 13-04-306-CR, 2005 WL 2786981 (Tex. App. Oct. 27, 2005). Mendiola then filed a Petition for Discretionary Review, which was refused by the Texas Court of Criminal Appeals.[1] Mendiola's

---

[1] *See* case number PD-1780-05 at http://www.cca.courts.state.tx.us.

1

petition for a writ of certiorari was denied by the United States Supreme Court. *Mendiola v. Texas*, 547 U.S. 1115 (2006). Finally, Mendiola's application for a writ of habeas corpus was denied without written order by the Texas Court of Criminal Appeals.[2]

## Grounds for Relief

Mendiola's grounds for relief are as follows:

1. Ineffective assistance of counsel in that:

    a. Counsel failed to object that the government did not affirmatively link Mendiola to some items, and thus failed to meet its burden of proof;

    b. Counsel failed to object to hearsay that should have been excluded because in order for the testimony to be admissible under the "against penal interest" exception, it had to be corroborated, and corroboration was impossible;

    c. Counsel failed to object to the fact that a convicted felon's word was being taken against Mendiola's; and

    d. Counsel failed to object to the fact that there was no evidence to sustain the essential elements of the offense.

2. The sentence was illegal because it did not contain a fine, which is mandatory.

3. The prosecutor committed misconduct when he argued that an overnight guest does not have an expectation of privacy.

## Legal Standard

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The intent of the AEDPA is to prevent federal habeas "retrials"

---

[2] *See* case number WR-62, 162-02 at http://www.cca.courts.state.tx.us.

and to ensure that state court convictions are given effect to the extent possible under the law, *Bell v. Cone*, 535 U.S. 685, 693 (2002), by limiting the scope of collateral review and raising the standard for federal habeas relief. *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003). Federal habeas proceedings honor the "presumption of finality and legality [that] attaches to [a petitioner's] conviction and sentence." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) ("[Section] 2254(d)'s highly deferential standard for evaluating state-court rulings . . . demands that state court decisions be given the benefit of the doubt."); *Evans v. Cockrell*, 285 F.3d 370, 374 (5th Cir. 2002).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (citing 28 U.S.C. § 2254(d)(1) and (2)). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 404. In deciding whether a state court's application was unreasonable, this court considers whether the application was objectively unreasonable. *Id.* at 408.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C.

§ 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330.

As to ineffective assistance, the prisoner must show objectively deficient performance and resulting prejudice in order to obtain relief. *See Strickland v. Washington*, 466 U.S. 668 (1984).

**Analysis**

Mendiola's first ineffective assistance complaint was raised in a different form on his appeal. *Mendiola*, 2005 WL 2786981 at *5 ("Appellant also asserts that the evidence does not establish an affirmative link between himself and the drug paraphernalia found in the trash."). The Court of Appeals held that the evidence was sufficient to support a finding that there *was* an affirmative link. *Id.* Thus, it cannot have been prejudicial to Mendiola's rights for his attorney to have failed to raise the issue.

Mendiola's second ineffective assistance ground was also raised on direct appeal. *Id.* at *3 ("Appellate counsel also raises, as a possible ground for our review, the argument that the evidence is insufficient to sustain appellant's conviction because the testimony of Forbes, an accomplice witness, was uncorroborated."). The appellate court held that the testimony was in fact corroborated. *Id.* at *4. Thus, again, it cannot have been prejudicial for counsel to have failed to raise the issue.

Mendiola's third ineffective assistance argument has no basis in his constitutional rights: he

has no right to be believed over a felon at trial. It is for the finder of fact (in this case, the trial judge) to weigh the credibility of the witnesses, and it is not for this Court to reweigh that evidence.

Mendiola's fourth and final ineffective assistance complaint is that his trial counsel did not object to a failure by the government to prove the essential elements of the offense. However, trial counsel did make a motion for directed verdict at the close of the government's case in chief, which is inherently a motion claiming that the government did not prove its case. Thus, Mendiola has not shown that his trial counsel was objectively deficient.

As to Mendiola's sentence, he argues that it was illegal because he was supposed to receive a fine as well as a prison sentence. Even assuming that Mendiola's legal argument regarding the mandatory nature of the fine is correct, it can hardly be argued that Mendiola's rights were violated by receiving *less* punishment than he claims he was supposed to receive.

Finally, Mendiola argues that the prosecutor's misstatement of the law was misconduct. At page 203 of the trial transcript, the prosecutor makes this statement:

> [T]he Texas courts have not recognized overnight guests who are invited guest [sic] as having standing under expectation of privacy. That was attempted to be extended to the state courts through Minnesota v. Olson Supreme Court. It was not. In Granatas [sic] which is 85 S.W.3rd 217 they did not extend that . . . . An overnight guest does not have standing to contest the validity of a search under Texas law.

While this may not be an accurate statement, Mendiola has not shown that he was prejudiced by it. The prosecutor's argument was intended to show that Mendiola did not have standing to challenge a search, but the prosecutor further argued that a challenged affidavit was legally sufficient to support a search warrant. When the trial court denied the motion to suppress, it had a ground other than the prosecutor's potentially erroneous standing argument on which to do so.

Thus, none of Mendiola's grounds for relief have merit, and his petition should be dismissed.

**Certificate of Appealability**

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

**Conclusion**

For the foregoing reasons, Respondent's Motion for Summary Judgment is GRANTED, the Petition for a Writ of Habeas Corpus is DISMISSED, and a Certificate of Appealability will not issue.

It is so ORDERED.

Signed this 9th day of January, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE